**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN THE MATTER OF:

MARTHA ANN DELA CRUZ

CHAPTER **13**
Case No. 08-35246-DOF
Judge DANIEL S. OPPERMAN

Debtor

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
NOTICE TO CREDITORS OF OBLIGATION TO
FILE A RESPONSE AND RIGHT TO OBJECT; AND
NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

*Please read this Report carefully. It advises you of certain
rights and deadlines imposed pursuant to the law.*
*Your rights may be adversely affected.*

Carl L. Bekofske, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-5(a)(1), reports to the Court that the above-named Debtor has completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

*PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-5(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured and the claim is in all respects current, with no escrow balance, late charges, costs or attorney fees owing.

Pursuant to E.D. Mich. LBR 2015-5(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

### RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

*See* E.D. Mich. LBR 2015-5(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

*See* E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-5(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor's may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-5(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

Trustee's Notice of Final Cure Payment and Notice of Completion of Plan Payments, etc.
Case Number: 08-35246-DOF

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-FLINT
Carl L. Bekofske, Chapter 13 Standing Trustee

Dated: October 02, 2014

/s/ Carl L. Bekofske
CARL L. BEKOFSKE (P16045)
MELISSA CAOUETTE (P62729)
400 N. Saginaw St. STE 331
Flint, MI 48502-2045
Telephone (810) 238-4675

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN THE MATTER OF:
MARTHA ANN DELA CRUZ

CHAPTER 13
Case No. 08-35246-DOF
Judge DANIEL S. OPPERMAN

Debtor

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
NOTICE TO CREDITORS OF OBLIGATION TO
FILE A RESPONSE AND RIGHT TO OBJECT; AND
NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that on October 02, 2014, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Bankruptcy Law Offices

The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

/s/ Sherry Beasinger
Sherry Beasinger
For the Office of the Chapter 13 Standing Trustee-Flint
400 N. Saginaw St. STE 331
Flint, MI 48503-2045
(810) 238-4675

MARTHA ANN DELA CRUZ
4432 DIXON DR.
SWARTZ CREEK, MI  48473

| | |
|---|---|
| 67TH DISTRICT COURT<br>1415 FLUSHING RD<br>FLUSHING, MI 48433-2220 | DR. ROBERT SODERSTROM<br>MMCC<br>6324 TAYLOR DR<br>FLINT, MI 48507 |
| AFNI<br>PO BOX 3427<br>BLOOMINGTON, IL 61702 | ECAST SETTLEMENT CORPORATION<br>PO BOX 35480<br>NEWARK, NJ 07193 |
| ASSET ACCEPTANCE CORP<br>ATTN PYMT PROCESSING, BANKRUPT<br>PO BOX 2036<br>WARREN, MI 48090 | FIRST NATIONAL BANK OF MARIN<br>PO BOX 98873<br>LAS VEGAS, NV 89193-8873 |
| ASSISTANT ATTORNEY GENERAL<br>CADILLAC PLACE<br>3030 W. GRAND BLVD, STE 10-200<br>DETROIT, MI 48202 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101 |
| CAPITAL ONE BANK<br>C/O TSYS DEBT MANAGEMENT<br>6125 LAKEVIEW RD<br>STE 800<br>CHARLOTTE, NC 28269 | JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 953185<br>ST. LOUIS, MO 63195-7314 |
| CBCS<br>PO BOX 1810<br>COLUMBUS, OH 43216 | K SHUKAIRY, MD<br>1501 S CENTER RD, BLDG B<br>ATTN BANKRUPTCY PAYMENT PROCES<br>BURTON, MI 48509 |
| CHADWICKS OF BOSTON<br>PO BOX 182746<br>ATTN BANKRUPTCY PAYMENT PROCES<br>COLUMBUS, OH 43218-2746 | MICHIGAN MEDICAL ANESTHESIA<br>C/O MERCHANTS & MEDICAL<br>6324 TAYLOR DR.<br>FLINT, MI 48507 |
| DATASEARCH INC<br>PO BOX 461289<br>SAN ANTONIO, TX 78246 | MID MICHIGAN COLLECTION BUREAU<br>PO BOX 130<br>ST. JOHNS, MI 48879 |

MONEY RECOVERY NATIONWIDE
PO BOX 13129
LANSING, MI 48901-3129

PHNS DEBT SOLUTIONS
PO BOX 674115
DETROIT, MI 48267

PRA RECEIVABLES MANAGEMENT
PORTFOLIO RECOVERY ASSOC, LLC
PO BOX 12914
NORFOLK, VA 23541

PREMIER RECOVERY INC
PO BOX 2658
COVINGTON, KY 41012

RESURGENT CAPITAL SERVICES
PO BOX 288
GREENVILLE, SC 29603

RUSSELL COLLECTION AGENCY
PO BOX 7009
FLINT, MI 48507

SENEX SERVICES CORP
3333 FOUNDERS RD STE 201
INDIANAPOLIS, IN 46268

SETH L GOLDNER PC
28800 ORCHARD LAKE RD
SUITE 110
FARMINGTON HILLS, MI 48334

STATE OF MI-CD
DEPT OF TREASURY/REVENUE/AG
PO BOX 30456
LANSING, MI 48909